09-1728-ag
Dolkar v. Holder

BIA
Nelson, IJ
A095 687 978

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of March, two thousand ten.

PRESENT:

        JOSÉ A. CABRANES,
        PETER W. HALL,
        GERARD E. LYNCH,
            *Circuit Judges.*

_____

KARMA DOLKAR,
       *Petitioner,*

      v.                   09-1728-ag
                              NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
       *Respondent.*

_____

FOR PETITIONER:       Khagendra Gharti-Chhetry, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; M. Lee Quinn, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Karma Dolkar, a native and citizen of Tibet,[1] seeks review of a March 27, 2009, order of the BIA affirming the March 18, 2008, decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Karma Dolkar*, No. A096 687 978 (B.I.A. Mar. 27, 2009), *aff'g* No. A096 687 978 (Immig. Ct. N.Y. City Mar. 18, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*,

---

[1]Tibet is now an "autonomous region" of China. *See* U.S. Dep't of State, Bureau of East Asian Affairs, *Background Note: China,* http://www.state.gov/r/pa/ei/bgn/18902.htm (last visited Feb. 18, 2010).

534 F.3d 162, 165-66 (2d Cir. 2008); *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007).

**I.  Past Persecution: Adverse Credibility**

Substantial evidence supports the agency's determination that Dolkar's claim regarding her past persecution, based on the alleged repeated rape of her mother by Chinese police, was not credible.  Under the substantial evidence standard, "we defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.  For asylum applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii).  Although the agency must consider an explanation the applicant offers for inconsistencies in the record, it need not credit that explanation unless a reasonable fact-finder would be compelled to do so.  *See*

*Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Here, the agency based its adverse credibility determination on inconsistencies and implausible testimony in the record including: (1) the inconsistency between Dolkar's testimony that the police raped her mother two to three times a week over six months and a letter from her mother making only a veiled reference to being raped on one occasion; (2) the inconsistency between Dolkar's testimony that she witnessed her mother being raped and her later testimony that her mother told her about the rapes over the phone when she was already in the U.S.; (3) the inconsistency between Dolkar's testimony that she is a citizen of Tibet and her "Green Book" which states she is a citizen of Nepal; and (4) the inconsistency between her statement at her airport interview that she came to the U.S. to find a job and "earn some money," and her testimony that she intended to come to the U.S. to seek asylum. Such inconsistencies were an adequate basis for the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). To the extent that Dolkar offered explanations for any of the inconsistencies, the agency was not compelled to credit them. *See Majidi*, 430 F.3d at 80-81.

4

## II. Well-Founded Fear: Burden of Proof

Substantial evidence also supports the agency's finding that Dolkar failed to establish a well-founded fear of persecution based on an alleged pattern or practice of persecution of Buddhist Tibetan nationals by the Chinese government. To establish asylum eligibility based on future persecution, an applicant must show that he or she subjectively fears persecution and that this fear is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Moreover, an applicant is not required to demonstrate that she would be individually singled out for persecution if she can demonstrate a pattern or practice of persecution of a group of persons similarly situated to her on account of a protected ground and her own inclusion in or identification with that group. *See* 8 C.F.R. §§ 208.13(b)(2), 208.16(b)(2); *Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007); *Kho v. Keisler*, 505 F.3d 50 (3d Cir. 2007).

Contrary to Dolkar's argument, the agency explicitly considered the background evidence in finding that she failed to establish a pattern or practice of persecution. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006).

While Dolkar asserts that she is entitled to

5

withholding of removal from Nepal, the agency reasonably concluded that the record indicated that it is typically recent refugees that are subject to harm in Nepal. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n.17 (2d Cir. 2006).

Finally, Dolkar's argument that the agency erred in failing to address separately her CAT claim fails because her CAT claim is based on the same factual predicate as her asylum and withholding of removal applications, and the agency's denial of those claims necessarily precluded her from establishing eligibility for CAT relief. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6